# IN THE COURT OF APPEALS OF IOWA

No. 21-0787
Filed April 27, 2022

**JOSEPH RONALD BANKS,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Buchanan County, Joel Dalrymple, Judge.

Joseph Banks appeals the denial of his application for postconviction relief.
**AFFIRMED.**

Joey T. Hoover of Hoover Law Firm P.L.L.C., Epworth, for appellant.

Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee State.

Considered by May, P.J., Badding, J., and Mullins, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2022).

**MULLINS, Senior Judge.**

In 2018, Joseph Banks was convicted of lascivious acts with a child. The conviction came as a result of his contact with nine-year-old B.N. on November 4, 2016. *See State v. Banks*, No. 18-0829, 2019 WL 1958393, at *1–2 (Iowa Ct. App. May 1, 2019). We affirmed on direct appeal, rejecting his claim the district court abused its discretion in denying his motion for a new trial on weight-of-the-evidence grounds. *See id.* at *1–3. A component of Banks's defense was that he was playing video games during the timeframe the act allegedly occurred, but the trial court specifically concluded he "had adequate time during the evening of November 4, 2016, to commit the acts testified to by B.N. and still play video games with friends, text his wife, and speak with his wife by phone." *Id.* at *2.

Banks filed an application for postconviction relief (PCR) in 2020, asserting he received ineffective assistance of counsel and "[t]here is evidence that was not available at trial." The matter proceeded to trial, at which Banks's counsel clarified the claim relevant to this appeal was that criminal counsel failed to establish an alibi defense based on "some gaming logs or video game that Mr. Banks will describe in detail that we believe would have established that he could not have committed the crime alleged."

At the PCR trial, Banks explained his "way to escape a stressful day" was "to go online and play games with" friends. He stated, "My system logs in the time that I entered at to the time that I leave," and "[i]t also logs whether or not if [he] step[s] away, don't step away, et cetera." Specifically, he explained he was playing

"*Rainbow Six*"[1] and "*Grand Theft Auto V*"[2] around the time of the incident in question, "[a]nd when you're playing those two specific games online, if you're idle for more than 30 seconds it will cut your character plus everybody that's in that group out of whatever it is that you're doing."[3] On cross-examination, Banks testified he was playing his "PlayStation 4" all night, except on one occasion when he checked on B.N., who was with him in the home.

Banks testified he offered information relating to his online gaming to an investigating officer to show he could not have committed the crime, but the officer was not interested. In his testimony at the criminal trial, the officer acknowledged Banks offered to show him "a log on there of what time he started playing the game," but he did not deem it important in assisting him develop a timeline of events. According to Banks, his defense counsel was aware of the information as well, but she took no action to obtain the gaming records or use them in support of a defense. He asserted those records existed at the time of trial but he did not believe they existed any longer, or he at least no longer had access to them. The record discloses Banks made no effort to obtain the purported gaming records to support his claim for PCR.

When asked whether Banks proposed an alibi defense, criminal counsel testified to her recollection of Banks saying "something about the fact that he was playing video games all day and that it may indicate that he was on . . . the game the entire time." Counsel did not pursue records on the issue because she did not

---

[1] *See generally* Tom Clancy's *Rainbow Six* Franchise (Ubisoft 1998–2022).
[2] *See generally Grand Theft Auto* Franchise (Rockstar Games 1997–2021).
[3] The transcript from the criminal trial indicates Banks was instead playing *Madden NFL*. *See generally Madden NFL* Franchise (EA Sports 1988–2021).

deem it important and, given her "experience with video games," being logged in did not necessarily mean the player could not step away, especially with wireless controllers and whatnot. In retrospect, however, counsel testified she would obtain the records just to make sure.

In its PCR ruling, the district court noted Banks took no effort to subpoena or otherwise obtain the gaming records to support his claim for PCR. As such, the court found Banks failed to meet his burden to establish prejudice of his ineffective-assistance claim. As such, the court denied relief on this claim, as well as several others, and denied Banks's PCR application.

Banks now appeals, claiming "the court erred by not finding trial counsel ineffective for failing to obtain the video game records." We ordinarily review the denial of a PCR application for legal error, but our review is de novo when claims of ineffective assistance of counsel come into play. *Sothman v. State*, 967 N.W.2d 512, 522 (Iowa 2021).

On appeal, Banks argues that, although he did not produce the video game logs, the evidence shows they at least existed at one time and "he did testify about what the video games would show." He submits this evidence "that it may have not been possible for [him] to have committed the crime, combined with the inconsistencies [with the victim's story], it is likely that the [factfinder] would have found [him] not guilty." The State responds Banks's "reliance on hypothetical, unproduced evidence is inadequate to show his trial counsel provided ineffective assistance."

Assuming without deciding counsel failed to answer the "*Call of Duty*"[4] by not pursuing the video game records, Banks was still required to prove, by a preponderance of the evidence, that said failure resulted in prejudice. *See State v. Boothby*, 951 N.W.2d 859, 863 (Iowa 2020). This requires a showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (quoting *State v. Harrison*, 914 N.W.2d 178, 206 (Iowa 2018)). In other words, Banks "must show that, 'absent the errors, the fact finder would have had a reasonable doubt respecting guilt.'" *Id.* (quoting *Harrison*, 914 N.W.2d at 206).

While Banks believed the records were not available to him, he agreed the host of the group he was playing with "would probably" be able to retrieve them. Either way, Banks took no action to obtain the purported records to support his claim for relief. Banks had the opportunity to develop a full record in this PCR proceeding to support his claim but failed to do so. *See State v. Tucker*, 959 N.W.2d 140, 152 (Iowa 2021) (noting a PCR hearing is the best opportunity to develop record to prove prejudice). While Banks provided his "own subjective, self-serving testimony" concerning his claim for relief, he did not provide "objective corroborating evidence" to support his claim. *Cf. Dempsey v. State*, 860 N.W.2d

---

[4] As one court has described,

> *Call of Duty* is one of the "most popular and well-known video game franchises in the world" with over 130 million units sold. Indeed, the *Call of Duty* franchise—which is a first-person shooter series developed, produced and distributed by Activision—is characterized by its realism, cinematic set-pieces, and fast-paced multiplayer mode.

*AM Gen LLC v. Activision Blizzard, Inc.*, 450 F. Supp. 3d 467, 475 (S.D.N.Y. 2020) (internal citations omitted).

860, 869 (Iowa 2015) (noting, when proving the prejudice prong of an ineffective-assistance claim in the guilty plea-context, the applicant's burden requires "objective, corroborating evidence," and "subjective, self-serving testimony" is not enough).

On the record made before the PCR court, the district court's conclusion following the criminal bench trial still rings true—Banks "had adequate time during the evening of November 4, 2016, to commit the acts testified to by B.N. and still play video games" and do other things. *Banks*, 2019 WL 1958393, at *2. On the evidence presented, we are unable to find "a reasonable probability that, but for counsel's [alleged] unprofessional errors, the result of the proceeding would have been different." *See Boothby*, 951 N.W.2d at 863. As such, we agree with the district court that Banks failed to meet his burden to establish prejudice. We therefore affirm the denial of his PCR application.

**AFFIRMED.**